UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN P. KENNY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:16 CV 736 (JMB) |
| NANCY A. BERRYHILL,[1] Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to approve attorney's fees pursuant to 42 U.S.C. § 406(b). Defendant has no objection, but asks the Court to direct counsel to reimburse plaintiff for $2,699.52 previously awarded pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).

Plaintiff retained attorney Still to represent him with respect to his claims for benefits in proceedings before the Social Security Administration and in this Court. Pursuant to a contingent fee agreement signed on March 31, 2015, plaintiff agreed to pay counsel 25% of all past due benefits recovered. [Doc. # 35-2]. On February 10, 2017, the Court remanded this case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). [Doc. # 30]. On April 13, 2017, the Court awarded plaintiff attorney fees in the amount of $2,699.52, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). [Doc. # 34]. On November 20, 2017, the Social Security Administration determined that plaintiff was entitled to monthly benefits as of

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill is substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit.

December 2012, and awarded back benefits in the amount of $57,572. [Doc. # 35-2]. The Social Security Administration also approved the fee agreement and withheld $14,393, representing 25%, of the back benefits to pay counsel. Plaintiff's counsel received $6,000 of the withheld funds and now moves for the remaining $8,393, pursuant to 42 U.S.C. §406(b).

Section 406(b) of the Social Security Act governs fees for representation of Social Security claimants in court. Gisbrecht v. Barnhart, 535 U.S. 789, 794 (2002) (citing 20 C.F.R. § 404.1728(a)). Under § 406(b), "a court may allow 'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits awarded to the claimant." Id. at 795 (quoting 42 U.S.C. § 406(b)(1)(A)). Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." Id. The court is required, however, to assess the reasonableness of attorney fees requested under contingent-fee agreements. Id. at 809. And, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." Id. at 807. Courts must first examine the contingent fee arrangement, then test the agreement for reasonableness, and appropriately reduce it, if necessary, based on the character of the representation and the results achieved. Id. at 808. For example, reductions are required if the attorney was responsible for delay or the benefits are large in comparison to the amount of time counsel spent of the case. Id.

Plaintiff submits the award of benefits letter from the Social Security Administration, the fee agreement, and an itemized invoice for legal services. Defendant does not object to the amount requested and agrees that the proposed fee should be awarded. After independently reviewing the record in this case, the undersigned finds that the § 406(b) fee request is reasonable and that no reduction in the amount is warranted. Therefore, the Court will award

2

plaintiff's counsel attorney's fees under § 406(b) in the amount of $8,393, representing the balance of 25% of plaintiff's past due benefits. Plaintiff's counsel has acknowledged the obligation to reimburse plaintiff for the $2,699.52 previously awarded in EAJA funds. See Gisbrecht, 535 U.S. at 796 (fee awards may be made under both the EAJA and § 406(b), but claimant's attorney must "refund to the claimant the amount of the smaller fee.") (citing Act of Aug. 5, 1985, Pub.L. 99-80, § 3, 99 Stat. 186).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to approve attorney's fee under 42 U.S.C. § 406(b) [Doc. # 35] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's counsel is awarded $8,393 in attorney fees pursuant to 42 U.S.C. § 406(b), which shall be paid from the 25 percent of plaintiff's past-due benefits that is being held by the Social Security Administration for direct payment to counsel of an authorized attorney fee.

**IT IS FURTHER ORDERED** that plaintiff's counsel shall refund to plaintiff $2,699.52 in attorney fees previously awarded to counsel under the EAJA.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 30th day of January, 2018.